IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW JAMES NUGENT,

        Plaintiff,

   vs.                                   No. CIV. S-09-1154 MCE GGH PS

VACAVILLE CHRISTIAN SCHOOL, et al.,

        Defendants.          ORDER

_____/

        Plaintiff has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff has failed to provide an answer to the request for information about his current wages, pay period, and name and address of employer. Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

        Even had plaintiff completed this court's form application to proceed in forma pauperis, and demonstrated a proper basis to proceed without prepayment of funds, this court would not permit the action to proceed upon the complaint.

        Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,

1

1  (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for
2  the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice
3  of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  The
4  complaint does not meet these requirements.  There is no allegation of the basis for this court's
5  jurisdiction.  The complaint's allegations are not sufficient to put defendants fairly on notice.
6  There is no prayer for relief.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed.
7  2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended
8  complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5
9  C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

10         The complaint contains no text whatsoever other than the caption which names
11 Vacaville Christian School and certain individuals as defendants.  Attached to the face page is a
12 decision issued by the Oakland Office of Appeals for the California Unemployment Insurance
13 Appeals Board.  Plaintiff has not set forth in his own words how each defendant violated his
14 federal or constitutional rights.

15         In addition to its deficiencies pursuant to Rule 8, several other grounds exist for
16 dismissing the proposed complaint: improper form of the complaint (Rule 10(b)); lack of subject
17 matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted
18 (Rule 12(b)(6)).  Therefore, plaintiff will be given the opportunity to filed an amended complaint.

19         Plaintiff is informed the court cannot refer to prior pleadings in order to make an
20 amended complaint complete. Local Rule 15-220 requires that an amended complaint be
21 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
22 original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
23 plaintiff files an amended complaint, the original no longer serves any function in the case.
24 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
25 alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
26 Cir.1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik

v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, either a completed application and affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

2. Plaintiff shall also submit an amended complaint. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis.

DATED: May 29, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Nugent1154.amd.wpd